# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RODNEY JACKSON,<br><br>   Plaintiff,<br><br>vs.<br><br>ST. LUKE'S REGIONAL MEDICAL CENTER, DR. GUY POSEY, RON MUECKE,<br><br>   Defendants. | No. C06-4091-LRR<br><br>INITIAL REVIEW ORDER |

## I. INTRODUCTION

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on October 17, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983. Also before the court is the plaintiff's application for appointment of counsel, which he submitted on October 17, 2006.

## II. IN FORMA PAUPERIS APPLICATION

Based on the application with certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $5.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

## III. THE PLAINTIFF'S COMPLAINT

Currently confined at the Clarinda Correctional Facility in Clarinda, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress alleged violations of the United States Constitution. Jurisdiction appears to be predicated on 28 U.S.C. § 1331. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff, in relevant part, states:

> On day of March 6, 2004, I Rodney Jackson was taken by ambulance to emergency room from my apartment for having to much to drink. I'm unsure who called the ambulance, but I was told by ambulance staff and Sioux City police officers that I have to be taken to the hospital and that they cannot leave me at my apartment in that condition. I was then taken to St. Luke's Regional Medical Center to the E.R. Upon arrival to the hospital, I was treat very badly, nasty and rude by the Doctor Guy Posey and his nurse's staff member. I was then that at 0330 hrs a Sioux City police offers were brought in to the hospital room that I was in. He then placed me under arrest for public intoxication[1] as requested to do so by Dr. Posey. I never signed any discharge paper or was I ever told why Sioux City police was called. I feel that the treatment I received for Dr. Posey and staff member because of my race and color (African American), which are unconstitutional under the Equal Protection Clause of the Fourteenth Amendment, cruel and unusual punishment under the Eighth

---

[1] On March 6, 2004, the plaintiff pleaded guilty to one charge of consumption/intoxication, in violation of Iowa Code section 123.46. *See State v. Jackson*, No. SMSM428105 (Woodbury County Dist. Ct. 2004) (pleading guilty); *cf. State v. Jackson*, No. SMSM430475 (Woodbury County Dist. Ct. 2004) (consumption/intoxication); *State v. Jackson*, No. SMSM430372 (Woodbury County Dist. Ct. 2004) (same); *State v. Jackson*, No. SMSM425424 (Woodbury County Dist. Ct. 2003) (same). Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

> Amendment. Plaintiff Rodney Jackson contacted Kristen Koch customer service coordinator by phone March 8 and 10, 2004 regarding my E.R. visit on March 6, 2004 to solve the problem. March 11, 2006, I received a letter from Kristen Koch, Customer Service Coordinator at St. Luke's Regional Medical Center, denied my complaint. The racial discrimination violated plaintiff Rodney Jackson's right and constituted under the Equal Protection clause of the Fourteenth Amendment to the United States. . . . Dr. Posey and nurse's staff member were outrageous behavior and intention infliction of emotional distress. . . . Plaintiff Rodney Jackson filed a complaint with the Iowa Civil Rights Commission . . . to try to solve the problem. Complaint denied 11-03-04.

As relief, the plaintiff, among other things, seeks compensatory and punitive damages.

## IV. DISCUSSION

### A. *Standard of Review*

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### B. *Overview of Civil Rights Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

## C. The Plaintiff's Claim

The applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *see also Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W. 2d 660, 662 (Iowa 1985)). Clearly, the alleged harm to the plaintiff occurred on March 6, 2004, and the plaintiff did not file his complaint until October 17, 2006. Accordingly, the applicable statute of limitations bars the plaintiff's action.

Alternatively, the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kramer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948); *see also Georgia v. McCollum*, 505 U.S. 42, 50, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992) ("[A]lthough repugnant in all contexts, [racial discrimination] violates the Constitution only when it is attributable to state action."). Stated differently, it is well established that private action is immune from the restrictions of the Fourteenth Amendment. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). Relatedly, "[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson*, 419 U.S. at 349). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be] dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Asso.*, 713 F.2d 414, 415 (8th Cir. 1983). A private party, however, can be held liable under 42 U.S.C. § 1983

if it acts under color of state law. *Crumpley-Patterson*, 388 F.3d at 590.² Acts of a private party are "fairly attributable to the State" so as to be deemed under "color of state law" for 42 U.S.C. § 1983 purposes "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting *Jackson*, 419 U.S. at 351). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . [even though] the regulation is extensive and detailed." *Jackson*, 419 U.S. at 350.

Here, the complaint fails to aver that St. Luke's Regional Medical Center of Sioux City was a state actor or acting under color of state law when the plaintiff's constitutional rights were allegedly violated; the plaintiff's allegations do not establish state action. St. Luke's Regional Medical Center of Sioux City is clearly subject to regulation, but it is a private corporation.³ The alleged discriminatory conduct of employees of St. Luke's Regional Medical Center of Sioux City may not be fairly attributed to the State. *See Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864, 866-67 (8th Cir. 1983) (stating that "[m]any decisions in our society, right or wrong, simply must be left to the good judgment and discretion of private individuals, including physicians and other professionals, subject to whatever statutes or regulations may validly be issued by one or another level of government" and concluding that no state action existed); *Dunn v. Hackworth*, 628 F.2d

---

² The court notes that the "under color of state law" element of 42 U.S.C. § 1983 "has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 ((1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

³ The Secretary of State for the State of Iowa maintains an online database of Iowa corporations. It may be accessed at the following address: www.sos.state.ia.us/corp/corp_search.asp.

1111, 1112 (8th Cir. 1980) (concluding that the plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to private individual did not show that state action was involved). Because St. Luke's Regional Medical Center of Sioux City cannot be considered a state actor so as to invoke federal jurisdiction under 42 U.S.C. § 1983, the plaintiff fails to state a claim upon which relief can be granted.

With respect to the remaining defendants,

> [p]rivate actors may incur [42 U.S.C. §] 1983 liability only if they are willing participants in a joint action with public servants acting under of color of state law. *See Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997). [A plaintiff] must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of [his or her] rights under the Constitution or laws of the United States. *See Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). Here, the plaintiff failed to allege that St. Luke's Regional Medical Center of Sioux City is a state actor, and, therefore, the plaintiff's claim against Dr. Guy Posey and Ron Muecke must also fail. *See id*.

For the foregoing reasons, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

### *D. Other Pending Matters*

Having determined that it is appropriate to dismiss the instant action, the court shall deny as moot the plaintiff's application for appointment of counsel.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit $5.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The plaintiff's application for appointment of counsel is denied.

**DATED** this 16th day of November, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

|  | C 06-4091 LRR |
|---|---|
|  | Rodney Jackson vs. St. Luke's Regional Medical Center, et al. |

**TO:** **WARDEN/ADMINISTRATOR**
**Clarinda Correctional Facility, Clarinda, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Rodney Jackson, #6838750, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Jackson v. St. Luke's Regional Medical Center, et al.,* Case No. C06-4091-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Dianne Eveland
_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa